Dear Mr. Ponstein:
This office is in receipt of your opinion request of recent date concerning the legality of the submission to the voters of St. Bernard Parish a proposal to increase the salary of the Parish President. The following two questions are restated as in your correspondence:
 1. Can the Council submit to the electors the question of raising the Parish President's salary?
 2. If the answer to the first question is in the negative, may the Council alternatively submit the question of raising the Parish President's salary to the voters in the form of an amendment to Section 3-04 of the Home Rule Charter?
Pertinent to your inquiry is Section 3-04 of the St. Bernard Parish Home Rule Charter, which provides:
Section 3-04. Compensation
 A. The salary of the first president elected under this charter shall be $45,000.00 per annum. The council may by ordinance increase or decrease the salary for the office of parish president provided that such an increase or decrease shall not become effective during any term of the current parish president at the time of the adoption of such an ordinance.
In response to your first question, express statutory, constitutional, or home rule authority is a prerequisite to submitting a proposition to the electorate. LSA-R.S. 18:1299
provides:
 The provisions of this Chapter provide the procedures to be used in elections, except those provided for in Chapter 6-A of this Code, at which a proposition or question, authorized by the state constitution, by a statute of this state, or by a home rule charter, shall be submitted to the voters. (Emphasis added).
The Secretary of State lacks the authority to place a proposition on the ballot absent the appropriate legal authorization. See Attorney General Opinion 89-414. Because the St. Bernard Parish Home Rule Charter does not authorize the submission of the issue of an increase of the present President's salary directly to the voters, it is the conclusion of this office that such an election cannot be conducted.
However, if the increase in the Parish President's salary were to be implemented by an amendment to the Home Rule Charter (rather than by referendum or ordinance of the council), then the proposed charter amendment could be, and legally must be, submitted to the electors of the Parish for their approval. Such submission should be in accordance with any other applicable provisions of your charter relating to the procedure for submitting charter amendments to the voters.
Of course, the Parish President's salary may be increased by ordinance, subject to the Charter stipulation that any ordinance increasing the salary of the Parish President shall not become effective during any term of the current Parish President.
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Mr. Charles Ponstein St. Bernard Parish Council 8201 West Judge Perez Drive Chalmette, LA 70043
DATE RECEIVED:
DATE RELEASED:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL